```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MERCHANT CASH & CAPITAL, LLC,                               :
                                                            :
                              Plaintiff,                    :
                                                            :
                     v.                                     :
                                                            :
JANG HWAN KO d/b/a JEFF'S GARAGE,                           :
and JANG HWAN KO,                                           :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: June 19, 2015
>
> 14 Civ. 659 (KPF)
>
> OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

Plaintiff Merchant Cash & Capital LLC ("Merchant Cash") has filed this motion for summary judgment on its petition for confirmation and enforcement of an October 23, 2014 arbitration award (the "Final Award") pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16. To date, Defendant Jang Hwan Ko d/b/a Jeff's Garage ("Ko" or "Jeff's Garage")[1] has neither acknowledged Plaintiff's confirmation petition nor otherwise sought relief from the Final Award. For the reasons set forth in the remainder of this Opinion, Plaintiff's motion is granted.

---

[1] The Complaint in the instant action named two Defendants, Jang Hwan Ko d/b/a Jeff's Garage and Jang Hwan Ko. (*See generally* Compl. (Dkt. #2)). The arbitral award Plaintiff seeks to confirm named one respondent, Jang Hwan Ko d/b/a Jeff's Garage. (*See* Dkt. #19-3). For convenience, this Opinion refers to Defendant in the singular.

## BACKGROUND[2]

### A.  Factual Background

Plaintiff Merchant Cash is a limited liability company that operates in New York City and purchases receivables from other businesses.  Defendant Ko is the sole proprietor of Jeff's Garage, an auto body shop based in Santa Clara, California.  On December 12, 2013, Plaintiff and Defendant entered into an agreement (the "Merchant Agreement"), pursuant to which Defendant sold $163,800.00 of his sales receivables to Plaintiff for an upfront sum of $140,000.00 (less a $300 fee).  (56.1 Stmt. ¶ 7).

As required by the Merchant Agreement, Defendant used a designated bank account at BBCN Bank for all business deposits related to Jeff's Garage.  (56.1 Stmt. ¶ 8).  He was also obligated to change the business' credit card processing company from Citi National Merchant Service to North American Bancard.  (*Id.*).  On December 13, 2013, Defendant received a credit card processing terminal from Sure Payment Solutions, a small-business financing company that facilitated communication between the two parties, and ran a $1 test transaction through the machine using his credit card ending in 9221.  (*Id.*

---

[2]  The record references in this Opinion are to Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts ("56.1 Stmt.") ("Dkt. #19-6); the Declaration of Christopher R. Murray in support of Plaintiff's summary judgment motion ("Murray Decl.") (Dkt. #19); and the arbitral award, included as Exhibit C to the Murray Declaration ("Final Award") (Dkt. #19-3).

Plaintiff's 56.1 Statement does not comply with Local Civil Rule 56.1, specifically the requirement of Rule 56.1(d) that each factual statement "must be followed by citation to evidence which would be admissible."  Nonetheless, given that the record on this motion is small, confined primarily to the Final Award and the Murray Declaration, the Court exercises its discretion to overlook this technical noncompliance.  *See* Local Civil Rule 56.1(a).

at ¶ 9).  Later that same afternoon,[3] Plaintiff wired $139,700.00 to Jeff's Garage's bank account at BBCN.  (Final Award 11).  From December 13 to 24, Jeff's Garage processed all credit card transactions through the North American Bancard terminal and remitted $5,463.20 of its revenue to Plaintiff, leaving an unpaid balance of $158,336.80.  (56.1 Stmt. ¶ 11).  Thereafter, Jeff's Garage "withdrew all of the money from its account at BBCN, … ceased using the North American Bancard terminal, and refused to make further payments to [Plaintiff]."  (*Id.*).

**B.  Procedural Background**

After Defendant refused to make further payments, Plaintiff filed suit with the Court on February 3, 2014, claiming breach of contract, breach of representations and warranties, and breach of a personal guarantee against Defendant.  (56.1 Stmt. ¶ 13).  At Defendant's insistence and with Plaintiff's acquiescence, the parties agreed to arbitrate the dispute before the American Arbitration Association (the "AAA") (*id.* at ¶¶ 15-16), and the Court entered an Order staying the case pending arbitration (Apr. 17, 2014 Order (Dkt. #8)).

After initial pleadings had been exchanged before the Arbitrator, on July 26, 2014, Defendant's counsel David Wong notified the Arbitrator that he and his firm would no longer represent Defendant because of "irreconcilable differences" with his client.  (Final Award 4).  The Arbitrator issued an Order on August 7, 2014, informing Defendant of his right to represent himself, yet

---

[3]  Plaintiff mistakenly lists the date as "December 13, 2014."  (56.1 Stmt. ¶ 11).  It is clear from context and the Final Award, however, that the correct date is December 13, 2013.

strongly urged Defendant to enlist the assistance of someone comfortable with oral and written English to assist him in the proceedings. (*Id.* at 5). The Arbitrator also notified Defendant on August 29, 2014, that if he chose not to participate in the proceeding, the matter might nonetheless be heard, and an award might be granted. (*Id.* at 6). Defendant did not respond to these notifications.

Throughout August and September, the Arbitrator repeatedly reached out to Defendant regarding discovery requests and administrative matters related to the proceedings, to no avail. (*See* Final Award 6-7). After notice to Defendant, the Arbitrator conducted preliminary hearings in his absence and, in a September 15, 2014 email, the Arbitrator notified Defendant of the October 6, 2014 deadline to submit papers supporting his argument. (*Id.* at 7). Again, Defendant failed to respond. On October 9, 2014, the Arbitrator sent an email advising the parties that the hearing scheduled for October 20, 2014, would take place via telephone conference, and that since he had not received opposition papers by the October 6 deadline, he would analyze the materials before him on the merits. (*Id.* at 8). On October 20, 2014, the Arbitrator conducted the hearing with Plaintiff's representatives present and "neither [Defendant], nor anyone representing his interests dialed in or participated in the call." (*Id.*).

Even in the absence of a formal opposition from Defendant, the Arbitrator considered certain facts contained in a police report, submitted by both sides, that favored the narrative contained in the Answer that defense

counsel had submitted at the commencement of the arbitration. (Final Award 3, 11).[4] Ultimately, for various evidentiary reasons set forth in the Final Award, the Arbitrator did not accord much weight to the report. (*Id.* at 11).

On October 23, 2014, the Arbitrator awarded the outstanding balance of $158,336.80 to Plaintiff without interest. (Final Award 13). He further held that each side should bear its own costs, and thereby declined to award attorneys' fees. (*Id.*).

In accordance with the Court's November 14, 2014 Order (Dkt. #17), Plaintiff filed the instant motion for summary judgment on December 18, 2014 (Dkt. #18).[5] Defendant did not file any opposition and has still not appeared in this action.

## DISCUSSION

### A.   Applicable Law

"It is well established that courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). The limited review standard is used to ensure that "the twin goals of arbitration, namely, settling disputes efficiently

---

[4]   Specifically, Defendant claimed that he had hired a loan broker named David Lee to seek out and negotiate the agreement with Plaintiff, and that Lee had absconded with the funds from Plaintiff. (Final Award 3). The Arbitrator considered facts from the report that both supported Defendant's story (e.g., the report raised questions regarding the validity of certain bank account numbers and suggested failures to verify identity) and refuted it (e.g., Defendant had explicitly authorized Lee in writing to seek financing on his behalf). (*Id.* at 9, 11).

[5]   This filing was timely because the petition was filed within one year of the entry of the arbitral award; indeed, the petition was filed even before the award issued. *See Photopaint Tech., LLC* v. *Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003) ("[T]he FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA.").

5

and avoiding long and expensive litigation" are met.  *NYKCool A.B.* v. *Pac. Fruit, Inc.*, 507 F. App'x 83, 85 (2d Cir. 2013) (summary order) (quoting *Folkways Music Publishers, Inc.* v. *Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).  Accordingly, the confirmation of an arbitration award generally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)) (quotation marks omitted).[6]  A petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *D.H. Blair*, 462 F.3d at 109-10 (citation omitted).

A motion for summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see El Sayed* v. *Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the light most favorable to the non-moving party.  *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986); *El Sayed*, 627 F.3d at 933.  When the

---

[6]  "'[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate.'" *City of New York* v. *Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011) (quoting *D.H. Blair*, 462 F.3d at 109).

moving party has asserted facts showing that the non-movant's position cannot be sustained, the opposing party must "set forth specific facts demonstrating that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings. *Wright* v. *Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (citation and quotation marks omitted).

Courts require a "high" showing to "avoid summary confirmation of an arbitration award." *Willemijn Houdstermaatschappij, BV* v. *Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted); *see also D.H. Blair & Co.*, 462 F.3d at 110. Further, a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Wallace* v. *Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) (citation omitted). In particular, courts in this Circuit will vacate an arbitration award "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).[7]

---

[7] The four statutory grounds for vacatur include situations where: (i) the award was procured by corruption, fraud, or undue means; (ii) there was evident partiality or corruption in the arbitrators, or either of them; (iii) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (iv) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). "An arbitral award may be vacated for manifest disregard only where a petitioner can demonstrate both that [i] the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and [ii] the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (internal quotation marks omitted). The "manifest disregard" standard, first announced in *Wilko* v. *Swan*, 346 U.S. 427, 436-37 (1953), was later called into question in *Hall Street Assocs., L.L.C.* v.

Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle." *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (citations and quotation marks omitted); *see also Landy Michaels Realty Corp.* v. *Local 32B-J Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) ("an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached" (internal quotation marks and citation omitted)).

**B.    Analysis**

Plaintiff has sufficiently supported its petition. First, there are no material facts in dispute: Defendant has not contested any of the material facts upon which Plaintiff's motion for summary judgment is based, and the record discloses no dispute concerning these facts. (*See* 56.1 Stmt.).

Second, a colorable basis exists to support the Final Award: the Arbitrator reviewed submissions from both sides (including those that were

---

*Mattel, Inc.*, 552 U.S. 576, 585 (2008) ("Maybe the term 'manifest disregard' was meant to name a new ground for review, but maybe it merely referred to the § 10 grounds collectively, rather than adding to them."). However, after the Supreme Court expressly declined to consider the vitality of the manifest disregard standard in *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010), the Second Circuit has "continued to recognize that standard as a valid ground" for vacatur of an arbitration award, *Schwartz* v. *Merrill Lynch & Co., Inc.*, 665 F.3d 444, 452 (2d Cir. 2011).

available from Defendant), endeavored on multiple occasions to include both parties in the proceedings, and ultimately issued a reasoned decision that weighed both parties' positions. (56.1 Stmt. ¶ 17; Final Award). Especially given that "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case," *D.H. Blair & Co.*, 462 F.3d at 110 (citation and quotation marks omitted), there clearly exists a colorable basis for the arbitral decision at issue since the Arbitrator set forth his rationale *and* the grounds for his decision are discernable from the facts of the case.

Finally, there are no grounds for setting aside the Final Award. *See D.H. Blair & Co.*, 462 F.3d at 110 ("[T]he court must grant the award unless the award is vacated, modified, or corrected." (citation and quotation marks omitted)). The Court has reviewed the grounds enumerated in 9 U.S.C. § 10(a), and finds none of them implicated in the instant action. It is undisputed that the parties agreed to proceed under a valid arbitration agreement, that both sides were given the opportunity to participate fully in the arbitration,[8] and that a Final Award was issued. (Final Award 7-8). As noted above, Defendant has made no challenges to the Final Award's legal sufficiency, nor has he made

---

[8]   That Defendant ceased participating in the arbitration after the departure of his counsel is of no moment. The Arbitrator took great pains to notify Defendant of the arbitral proceedings, deadlines, and hearings; sent him such notice via email and by mail with receipt confirmation; and set forth in detail his efforts and the opportunities afforded to Defendant. (*See* Final Award 4-8). *See also Leon Trading SA* v. *M.Y. Shipping Private Ltd.*, No. 10 Civ. 129 (PGG), 2010 WL 2772407 (S.D.N.Y. July 12, 2010) (granting plaintiff's motion to confirm arbitration award where defendant did not appear in arbitral proceedings and failed to submit opposition papers by the deadline set by the court).

any effort to vacate, modify, or correct the Final Award, and the Court has found no basis to do so *sua sponte*.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on its petition to confirm the arbitration award is GRANTED. Judgment shall be entered in favor of Plaintiff and against Defendant Jang Hwan Ko d/b/a Jeff's Garage in the amount of $158,336.80 in accordance with the Arbitrator's Final Award.[9] Post-judgment interest shall be allowed pursuant to 28 U.S.C. § 1961. The Clerk of Court is directed to enter judgment for Plaintiff, terminate all pending motions, adjourn all remaining dates, and close the case.

SO ORDERED.

Dated:   June 19, 2015
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[9] Plaintiff seeks judgment "against defendants Jang Ko and Jeff's Garage, jointly and severally, in accordance with the Final Award." (Murray Decl. ¶ 36(b)). However, the Final Award enters an award against only a single respondent, "Jang Hwan Ko d/b/a Jeff's Garage." The Court confirms the award as written.